# EXHIBIT 1

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-004718-NI<br>Hon.Muriel Hughes |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>King, Janet | v | Defendant's name(s), address(es), and telephone no(s).<br><br>AIM Integrated Logistics, Inc. |
|---|---|---|

| Plaintiff's attorney, bar no., address, and telephone no<br>Eric M. Simpson 57232<br>24901 Northwestern Hwy Ste 700<br>Southfield, MI 48075-2210 | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☒ this court, ☐ _____ Court,

where it was given case number <u>19-001692-NF</u> and assigned to Judge <u>Muriel Hughes</u>.

The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/2/2019 | Expiration date*<br>7/2/2019 | Court clerk<br>Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)     **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



<table>
<tr><td><b>SUMMONS</b><br>Case No. : <b>19-004718-NI</b></td></tr>
</table>

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**　　　**OR**　　　☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:　(notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:　(notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
　　　　　　　　　　　　　　　　　　Date

My commission expires: _____　Signature: _____
　　　　　　　　Date　　　　　　　　　　　　　　　　Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Attachments

_____ on _____
　　　　　　　　　　　　　　　　　　　　　　　Day, date, time

_____ on behalf of _____.
Signature

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-004718-NI<br>Hon.Muriel Hughes |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                    Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>King, Janet | v | Defendant's name(s), address(es), and telephone no(s).<br><br>AIM Leasing Company |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Eric M. Simpson 57232<br>24901 Northwestern Hwy Ste 700<br>Southfield, MI 48075-2210 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☒ this court, ☐ _____ Court,

where it was given case number <u>19-001692-NF</u> and assigned to Judge <u>Muriel Hughes</u>.

The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/2/2019 | Expiration date*<br>7/2/2019 | Court clerk<br>Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)          **SUMMONS**                         MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



<table>
<tr><td colspan="2"><b>SUMMONS</b></td></tr>
<tr><td>Case No. :</td><td><b>19-004718-NI</b></td></tr>
</table>

## PROOF OF SERVICE

TO PROCESS SERVER:  You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**    **OR**    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

19-004718-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/2/2019 8:18 AM   Debra Bynum

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JANET KING,                                              Case No: 19            NI

       Plaintiff,                                        Hon.

vs.

MICHAEL CLUBB,
AIM LEASING COMPANY
and AIM INTEGRATED LOGISTICS, INC.,

       Defendants.

_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
eric@855mikewins.com
lmelfi@855mikewins.com
jbasel@855mikewins.com

_____/

## COMPLAINT AND JURY DEMAND

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the Wayne County Circuit Court, where it was given docket number 19-001692-NF, and was assigned to Hon. Muriel D. Hughes P-36362. The action remains pending.

*/s/ Eric M. Simpson*

_____

Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Lewis A. Melfi P-73854

NOW COMES Plaintiff, Janet King, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Michael Clubb, AIM Leasing Company, and AIM Integrated Logistics, Inc., states as follows:

## COMMON ALLEGATIONS

1.      Plaintiff, Janet King, is a resident of the City of Lincoln Park, County of Wayne, State of Michigan.

2.      Defendant, Michael Clubb, upon information and belief, is a resident of the City of Burlington, County of Boone, State of Kentucky.

3.      Defendant, AIM Leasing Company, is an Ohio corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4.      Defendant, AIM Integrated Logistics, Inc., is an Ohio corporation, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

5.      The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

### COUNT I
### NEGLIGENCE CLAIM AS TO DEFENDANT,
### MICHAEL CLUBB

6.      Plaintiff, Janet King, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

7.      On or about August 2, 2018, Plaintiff, Janet King, was the operator of a 2006 Pontiac motor vehicle, bearing Michigan license plate number CAY5106, which motor vehicle was being driven in a careful and prudent manner on westbound I-94 Freeway, at or near the intersection of Telegraph Road, in the City of Taylor, County of Wayne, State of Michigan.

8.      At the aforementioned place and time, Defendant, Michael Clubb, was the operator

of a 2015 International motor vehicle, bearing Ohio license plate number PVX9482, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on westbound I-94 Freeway, at or near the intersection of Telegraph Road, in the City of Taylor, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Janet King, as hereinafter alleged.

9.    On the aforementioned day and date, Defendant, Michael Clubb, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Taylor.

10.    Contrary to the duties owed to Plaintiff, Defendant, Michael Clubb, was negligent, careless and reckless in several respects, including the following:

   (a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

   (b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

   (c)    Failing to keep the motor vehicle constantly under control;

   (d)    Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

   (e)    Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

   (f)    Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

   (g)    Failing to yield to all approaching vehicles, MCL 257.649;

   (h)    Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

3

(i)     Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628; and,

(m)     Negligently moving from his lane of travel without first ascertaining such movement could be done with safety in violation of MCL 257.642; and,

(n)     Negligently failing to drive entirely within a single lane in violation of MCL 257.642(1).

11.     That as a result of said collision, Plaintiff, Janet King, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of her natural enjoyments of life, due to her injuries which include but are not limited to injuries to her head, neck, back and shoulders, including: *__herniated discs at C5-6 and C6-7 producing segmental neural compression and regional nerve root compromise, Grade 1, 1-2 mm anterior subluxation at C4-5, loss and straightening of the normal cervical lordosis, traumatic injuries to the frontal lobe region of her brain, and disc herniations with annular tears at L4-5 and L5-S1 with associated disc height loss at L4-5, neural foraminal narrowing, and regional nerve root compromise,__* among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement.

12.     That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and

4

in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, Janet King, respectfully requests that judgment be entered in her favor against Defendant, Michael Clubb, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

**COUNT II**
**NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM**
**AS TO DEFENDANT, AIM LEASING COMPANY**

13.    Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

14.    On the aforementioned date and time, Defendant, AIM Leasing Company, was the owner of the 2015 International motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Michael Clubb, when Defendant, AIM Leasing Company, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Taylor, in direct disregard for the safety of your Plaintiff.

15.    Defendant, Michael Clubb, was acting with the expressed and/or implied consent of Defendant, AIM Leasing Company.

16.    Defendant, AIM Leasing Company, is liable under the Owners Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Michael Clubb.

5

17.     On August 2, 2018, upon information and belief, Defendant, Michael Clubb, was acting within the course and scope of his employment with Defendant, AIM Leasing Company, when he negligently struck Plaintiff's vehicle while operating the 2015 International motor vehicle.

18.     Based upon information and belief, Defendant, AIM Leasing Company, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Michael Clubb, in that it employed the negligent driver, Defendant, Michael Clubb, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

WHEREFORE, Plaintiff, Janet King, respectfully requests that judgment be entered in her favor against Defendants, Michael Clubb and AIM Leasing Company, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

**COUNT III**
**NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT,**
**AIM LEASING COMPANY**

19.     Plaintiff, Janet King, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 18 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

20.     On August 2, 2018, Defendant, Michael Clubb, was employed by Defendant, AIM Leasing Company.

21.     Defendant, AIM Leasing Company, is responsible for those negligent acts performed within the scope of Defendant, Michael Clubb's, employment.

22.     Defendant, AIM Leasing Company, hired Defendant, Michael Clubb.

6

23. Defendant, AIM Leasing Company, had a duty to investigate Defendant, Michael Clubb, Defendant, Michael Clubb's, driving record and Defendant, Michael Clubb's, driving ability.

24. Defendant, AIM Leasing Company, failed to properly investigate Defendant, Michael Clubb, Defendant, Michael Clubb's driving record and Defendant, Michael Clubb's, driving ability and made insufficient efforts to investigate whether or not Defendant, Michael Clubb, was a safe, fit and competent driver.

25. Defendant, AIM Leasing Company, knew, had reason to know or should have known, that Defendant, Michael Clubb, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

26. Defendant, AIM Leasing Company, knew or had reason to know or should have known that by hiring Defendant, Michael Clubb, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, AIM Leasing Company, and/or Defendant, Michael Clubb, caused Plaintiff's injuries.

27. Defendant, AIM Leasing Company, failed to supervise or otherwise monitor, train, educate or discipline Defendant, Michael Clubb, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

28. The negligence of Defendant, AIM Leasing Company, in hiring and/or retaining and/or supervising Defendant, Michael Clubb, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Janet King, respectfully requests that judgment be entered in her favor against Defendant, AIM Leasing Company, and Defendant, Michael Clubb, for whatever

amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT IV
## NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, AIM INTEGRATED LOGISTICS, INC.

29.     Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

30.     On the aforementioned date and time, Defendant, AIM Integrated Logistics, Inc., was the owner of the 2015 International motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Michael Clubb, when Defendant, AIM Integrated Logistics, Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Taylor, in direct disregard for the safety of your Plaintiff.

31.     Defendant, Michael Clubb, was acting with the expressed and/or implied consent of Defendant, AIM Integrated Logistics, Inc.

32.     Defendant, AIM Integrated Logistics, Inc., is liable under the Owners Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Michael Clubb.

33.     On August 2, 2018, upon information and belief, Defendant, Michael Clubb, was acting within the course and scope of his employment with Defendant, AIM Integrated Logistics, Inc., when he negligently struck Plaintiff's vehicle while operating the 2015 International motor vehicle.

8

34.    Based upon information and belief, Defendant, AIM Integrated Logistics, Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Michael Clubb, in that it employed the negligent driver, Defendant, Michael Clubb, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

WHEREFORE, Plaintiff, Janet King, respectfully requests that judgment be entered in her favor against Defendants, Michael Clubb and AIM Integrated Logistics, Inc., for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT V
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, AIM INTEGRATED LOGISTICS, INC.

35.    Plaintiff, Janet King, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 34 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

36.    On August 2, 2018, Defendant, Michael Clubb, was employed by Defendant, AIM Integrated Logistics, Inc.

37.    Defendant, AIM Integrated Logistics, Inc., is responsible for those negligent acts performed within the scope of Defendant, Michael Clubb's, employment.

38.    Defendant, AIM Integrated Logistics, Inc.,, hired Defendant, Michael Clubb.

39.    Defendant, AIM Integrated Logistics, Inc., had a duty to investigate Defendant, Michael Clubb, Defendant, Michael Clubb's, driving record and Defendant, Michael Clubb's, driving ability.

40.    Defendant, AIM Integrated Logistics, Inc., failed to properly investigate Defendant,

9

Michael Clubb, Defendant, Michael Clubb's driving record and Defendant, Michael Clubb's, driving ability and made insufficient efforts to investigate whether or not Defendant, Michael Clubb, was a safe, fit and competent driver.

41.    Defendant, AIM Integrated Logistics, Inc., knew, had reason to know or should have known, that Defendant, Michael Clubb, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

42.    Defendant, AIM Integrated Logistics, Inc., knew or had reason to know or should have known that by hiring Defendant, Michael Clubb, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, AIM Integrated Logistics, Inc., and/or Defendant, Michael Clubb, caused Plaintiff's injuries.

43.    Defendant, AIM Integrated Logistics, Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, Michael Clubb, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

44.    The negligence of Defendant, AIM Integrated Logistics, Inc., in hiring and/or retaining and/or supervising Defendant, Michael Clubb, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Janet King, respectfully requests that judgment be entered in her favor against Defendant, AIM Integrated Logistics, Inc., and Defendant, Michael Clubb, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together

10

with interest, costs and reasonable attorney fees so wrongfully sustained.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Eric M. Simpson*

Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Lewis A. Melfi P-73854
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated:   April 2, 2019

11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JANET KING,

          Plaintiff,

vs.

MICHAEL CLUBB,
AIM LEASING COMPANY
and AIM INTEGRATED LOGISTICS, INC.,

          Defendants.

_____/

Case No: 19      NI

Hon.

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Lewis A. Melfi P-73854**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
eric@855mikewins.com
lmelfi@855mikewins.com
jbasel@855mikewins.com

_____/

## JURY DEMAND

      Plaintiff, Janet King, by and through her attorneys, Mike Morse Law Firm, hereby

respectfully demands a trial by jury on all issues in this cause of action.

                             Respectfully submitted,

                             MIKE MORSE LAW FIRM
                             Attorneys for Plaintiff

                             */s/ Eric M. Simpson*

                             _____

                             Marc J. Mendelson P-52798
                             Eric M. Simpson P-57232
                             Lewis A. Melfi P-73854
                             24901 Northwestern Highway, Suite 700
                             Southfield, Michigan 48075
                             (248) 350-9050

Dated: April 2, 2019

12